The Honorable Ken Jacob Representative, District 25 State Capitol Building, Room 110B Jefferson City, Missouri 65101
Dear Representative Jacob:
This opinion is in response to your question asking:
 Is there a lottery within the definition of section 572.010, RSMo 1986, where a manufacturer of merchandise conducts a drawing of product registration cards for a prize, where such cards are returned from the purchaser of merchandise, and where such cards were procured with the purchase of the merchandise?
You have provided the following description of a promotional plan:
 A manufacturer of merchandise wishes to conduct a drawing of product registration cards for a prize, such cards being returned from the purchasers of merchandise after being procured by such purchasers with the purchase of the merchandise.
Article III, Section 39(9) of the Missouri Constitution provides:
 Section 39. Limitation of power of general assembly. The general assembly shall not have power:
* * *
 (9) Except as otherwise provided in section 39(b) or section 39(c) of this article, to authorize lotteries or gift enterprises for any purpose, and shall enact laws to prohibit the sale of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; except that, nothing in this section shall be so construed as to prevent or prohibit citizens of this state from participating in games or contests of skill or chance where no consideration is required to be given for the privilege or opportunity of participating or for receiving the award or prize and the term "lottery or gift enterprise" shall mean only those games or contests whereby money or something of value is exchanged directly for the ticket or chance to participate in the game or contest. The general assembly may, by law, provide standards and conditions to regulate or guarantee the awarding of prizes provided for in such games or contests under the provision of this subdivision;
* * *
Section 572.010, RSMo 1986, defines "lottery."
 572.010. Chapter definitions. — As used in this chapter:
* * *
 (7) "Lottery" or "policy" means an unlawful gambling scheme in which for a consideration the participants are given an opportunity to win something of value,
the award of which is determined by chance; [Emphasis added.]
* * *
"In Missouri, the `elements of a lottery are: (1) Consideration; (2) prize; (3) chance.'" Mobil Oil Corporationv. Danforth, 455 S.W.2d 505, 507 (Mo. banc 1970), quotingState ex inf. McKittrick v. Globe-Democrat Pub. Co.,341 Mo. 862, 110 S.W.2d 705, 713 (banc 1937). Therefore, it is necessary to examine the proposed promotional plan to see if it contains these three elements.
As the plan is described, purchasers of merchandise will receive a product registration card which makes them eligible for a drawing for a prize. A purchase of merchandise is required for a person to participate in the drawing.
The facts demonstrate the existence of the element of chance since purchasers of merchandise become participants in a random drawing. The element of prize is also present since the winner of the drawing will receive a prize.
This leaves the question of whether the element of consideration is present. Purchasers of merchandise receive a product registration card making them eligible for the chance to win a prize in a drawing.
In Attorney General Opinion No. 10, Boone, March 1, 1955, a copy of which is enclosed, we opined on a scheme operated by a service station. Purchasers of gasoline received a ticket. Each week a drawing was held and the winner received free an equal of the amount of his gasoline purchase. We found the element of consideration in these facts.
 The "consideration" is the participation requirement that one must purchase gasoline from the person(s) conducting the scheme. It matters not that the price of the gasoline is no greater than it was prior to the institution of the scheme. The consideration in this scheme is similar to the consideration involved in the case of State vs. Mumford, 73 Mo. 647, 39 Am. Rep. 532. There, the subscriber to a newspaper received both the newspaper and a ticket which might draw a prize, for the regular subscription price of the newspaper.
Id. at 3. In State v. Mumford, 73 Mo. 647, 39 Am. Rep. 532 (1881), the Court stated:
 . . . The fact that the subscription price of the Times was not increased, does not alter the character of the scheme, inasmuch as the price paid entitled the subscriber to a ticket in the lottery as well as to a copy of the paper. . . .
Id. at 651. See also State v. McEwan, 343 Mo. 213,120 S.W.2d 1098, 1101 (banc 1938) (test is whether persons paying for admission to theatre were paying in part for the chance of a prize); and Attorney General Opinion No. 63, Moore, November 19, 1954, a copy of which is enclosed (a promotional scheme wherein the promoter offers to give a cash prize to a portion of the purchasers of his product constitutes a lottery). In order to be eligible for the chance to win a prize in the promotional plan which you describe, a purchase of merchandise is required. Therefore, the element of consideration is present and such promotional plan is a lottery.
CONCLUSION
It is the opinion of this office that a promotional plan where a manufacturer of merchandise conducts a drawing of product registration cards for a prize when such cards may only be obtained by the purchase of merchandise is a lottery as the term is used in Article III, Section 39(9) of the Missouri Constitution and Section 572.010(7), RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 63, Moore, November 19, 1954 Opinion No. 10, Boone, March 1, 1955